IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KRISHNA CHILAKA, | § | |
| | § | No. 82, 2023 |
| Plaintiff Below, Appellant, | § | |
| Cross-Appellee, | § | Court Below—Court of |
| | § | Chancery of the State of |
| v. | § | Delaware |
| | § | |
| EMORY HILL & CO., | § | C.A. No. 2022-0231 |
| | § | |
| Defendant Below, Appellee, | § | |
| Cross-Appellant, | § | |
| | § | |
| and | § | |
| | § | |
| KEYUR MODI, | § | |
| | § | |
| Defendant Below, Appellee. | § | |

Submitted: September 29, 2023
Decided: October 23, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

(1)    The appellant, Krishna Chilaka,[1] filed this appeal from Court of Chancery orders that denied reconsideration of the court's dismissal of his complaint and shifted costs, but not attorneys' fees, to him.  Appellee Emory Hill & Co. filed a cross-appeal from the court's denial of fee shifting.  For the reasons discussed below, we affirm.

---

[1] See *infra* note 8 regarding the appellant's name.

(2)     On March 20, 2019, Chilaka and appellee Keyur Modi entered into an agreement of sale for a property that Modi owned in Newark, Delaware.  Emory Hill Real Estate Services, Inc. was the real estate broker.  The transaction did not close as provided in the agreement, and in August 2019 Chilaka filed an action in the Court of Chancery (the "2019 Action")[2] seeking specific performance of the sale agreement or a refund of his $50,000 security deposit.

(3)     After trial in the 2019 Action, a Court of Chancery Magistrate[3] found that Chilaka did not cancel the agreement by the end of the due diligence period, as the agreement required him to do to receive a full refund of the deposit.[4]  The Magistrate further found that neither party was prepared to close by the closing deadline, and that both parties were therefore in material default of the agreement.[5] The Magistrate therefore determined that Chilaka forfeited half of his deposit and was entitled to a refund of the other half and that the parties should bear their own costs.[6]  On March 23, 2020, a Vice Chancellor denied Chilaka's exceptions after *de novo* review.[7]  On January 5, 2021, Chilaka filed a motion for a new trial in which

---

[2] *Chilaka v. Modi*, C.A. No. 2019-0622 (Del. Ch.).
[3] In 2023, the Delaware Code and the Court of Chancery rules were amended to replace references to "Master" in Chancery with "Magistrate" in Chancery.  S.B. 179, 152nd Gen. Assemb. (Del. 2023); *In re Amendments to Rules* (Del. Ch. July 18, 2023), *available at* https://courts.delaware.gov/forms/download.aspx?id=204908.
[4] Appendix to Answering Brief at B-70-77.
[5] *Id.* at B-76.
[6] *Id.* at B-72, B-76-77.
[7] *Id.* at B-91-102.  The court handled the proceedings on the exceptions on an expedited basis because the property was under contract with another buyer.

he sought, among other things, to add Emory Hill & Co. ("Emory Hill") as a defendant. The Magistrate denied the motion. Chilaka appealed, and on March 29, 2021, this Court dismissed the appeal based on the Court's lack of jurisdiction to hear an appeal directly from a Magistrate's decision and Chilaka's failure to file exceptions.[8]

(4)     In March 2022, Chilaka filed a complaint and then an amended complaint against Modi and Emory Hill. Chilaka sought specific performance of the sale agreement or to proceed with the sale at a higher price, based on an offer that Modi had received from another buyer. Emory Hill moved to dismiss, for dismissal on the pleadings, or for summary judgment, arguing that collateral estoppel precluded Chilaka's claims; Chilaka could not assert any claim against Emory Hill because Emory Hill Real Estate Services, Inc. (the "Broker" and, together with Emory Hill, the "Emory Hill Entities"), not Emory Hill, was the broker under the sale agreement; and Chilaka had not properly served Emory Hill. Chilaka

---

[8] *Kumar v. Modi*, 2021 WL 1191718 (Del. Mar. 29, 2021). In the 2019 Action, the plaintiff-appellant identified himself in the Court of Chancery as Krishna Chilaka and the trial court captioned the case *Chilaka v. Modi*. In the appeal from the 2019 Action, the plaintiff-appellant identified himself as Krishna Kumar and this Court therefore captioned the appeal accordingly but noted that the appellant had not provided any explanation for the discrepancy. *Id.* at *1 n.1. In this appeal, the appellant identifies himself as Krishna Chilaka in certain documents, such as the notice of appeal, and as Krishna Kumar (or as both Kumar and Chilaka) in others, such as the opening brief. We have captioned the matter *Chilaka v. Emory Hill & Co.* consistently with the notice of appeal and the Court of Chancery caption in the current matter. Because it is unclear what the appellant's legal or preferred name is, we refer to the appellant as "Chilaka" in accordance with the caption.

responded by seeking to amend the complaint to replace Emory Hill with the Broker as the defendant; he also served, or attempted to serve, the Broker. The Broker then moved to dismiss, for dismissal on the pleadings, or for summary judgment, adopting Emory Hill's arguments and asserting various procedural arguments.

(5)     After additional briefing, the Magistrate held a hearing on the Emory Hill Entities' dispositive motions on August 18, 2022. In a bench ruling at the end of the hearing, the Magistrate determined that Chilaka's amended complaint should be dismissed because he was collaterally estopped from relitigating the factual issues that the court had already decided in the 2019 Action and he otherwise failed to state a claim for which relief could be granted.[9] The Magistrate deferred ruling on the Emory Hill Entities' request for fee shifting, directing the Emory Hill Entities to submit an affidavit under Court of Chancery Rule 88 and setting forth a schedule on which the parties could submit additional argument on that issue.[10] The Magistrate informed the parties that the ruling on the motion to dismiss was a final report under Court of Chancery Rule 144 and that exceptions could be filed within eleven days.[11] The Emory Hill Entities submitted their fee affidavit on August 30, 2022. No exceptions to the bench ruling were filed, and on August 31, 2022, the Chancellor

---

[9] *Chilaka v. Emory Hill & Co.*, C.A. No. 2022-0231, Docket Entry No. 44, at 5-10 (Del. Ch.) [hereinafter *August 18 Transcript*].
[10] *Id.* at 10, 12.
[11] *Id.* at 10, 11.

entered an order approving and adopting the ruling as an order of the court.  Chilaka filed an appeal, which this Court dismissed as interlocutory because the Emory Hill Entities' application for attorneys' fees and costs was outstanding.[12]

(6)     On November 30, 2022, Chilaka filed a motion seeking reconsideration of the bench ruling and stating that the attorneys' fees should be "waived."  On January 17, 2023, the Magistrate entered an order denying the motion for reconsideration because Chilaka failed to file exceptions from the bench ruling, despite being informed of the time to do so; the motion was untimely under Court of Chancery Rule 59; and the motion failed to demonstrate entitlement to relief under Court of Chancery Rules 59 or 60.  The Magistrate also shifted the Emory Hill Entities' costs, in the amount of $671.25, to Chilaka under Court of Chancery Rule 54, but declined to shift their attorneys' fees, concluding that they failed to carry their burden of establishing that Chilaka had proceeded in bad faith.  The Magistrate's order stated that it was a final report and that the parties could file exceptions under Court of Chancery Rule 144.  No exceptions were filed, and on February 3, 2023, the Chancellor entered an order approving and adopting the Magistrate's order.  Chilaka appealed to this Court, and Emory Hill cross-appealed.

(7)     After consideration of the parties' briefs and the record on appeal, we affirm the Court of Chancery's judgment.  As an initial matter, Chilaka did not file

---

[12] *Chilaka v. Emory Hill & Co.*, 2022 WL 16843464 (Del. Nov. 9, 2022).

exceptions to the Magistrate's decisions in this case—both of which were "final reports" under Court of Chancery Rule 144.[13] Any claims he purports to assert in this appeal therefore are procedurally barred.[14] In any event, Chilaka is attempting to relitigate issues that were already decided in the 2019 Action. For example, he argues that the sale agreement did not provide for him to forfeit half of the deposit if both he and Modi were in default[15] and that Modi unreasonably refused to extend the due diligence period.[16] Although it is not entirely clear what causes of action Chilaka was attempting to assert in this second action, it is clear from the contents of the complaint and Chilaka's arguments on appeal that they turned on relitigating the factual determinations that the Court of Chancery made, after trial, in the 2019 Action. The Court of Chancery therefore correctly concluded that his action was barred by collateral estoppel.[17]

---

[13] *See August 18 Transcript*, *supra* note 9, at 10 ("This is my final report, and exceptions may be filed under Court of Chancery Rule 144."); *id.* ("I understand some might disagree with the decision I made here today. If you do, file exceptions under Rule 144."); *id.* at 11 ("[Y]ou will have 11 days from today to file your notice of exceptions, to the extent you think I got it wrong and wish to pursue this issue."); *Chilaka v. Emory Hill & Co.*, C.A. No. 2022-0231, Docket Entry No. 56, at 10 (Del. Ch. Jan. 17, 2023) [hereinafter *January 2023 Order*] ("This Final Order shall be deemed a [Magistrate's] Final Report . . . and exceptions may be filed under Rule 144.").

[14] *See Sutor-Banks v. Moffett*, 2013 WL 4538570, at *2 (Del. Aug. 22, 2013) ("Because the Bankses took no exceptions to the [Magistrate's] reports in accordance with the Court of Chancery Rules, any claims they purport to assert in this appeal are procedurally barred."); DEL. CT. CH. R. 144(c) (establishing procedure for taking exceptions to a Magistrate's final report and stating that "[i]f a notice of exception to a final report is not timely filed, then the parties shall be deemed to have stipulated to the approval and entry of the report as an order of the Court").

[15] *E.g.*, Reply Brief at 1-2.

[16] *Id.* at 2.

[17] *See, e.g.*, *Betts v. Townsends, Inc.*, 765 A.2d 531, 534-35 (Del. 2000) (explaining that "collateral estoppel bars relitigation of issues of fact previously adjudicated" and applies if the issues

(8)     On cross-appeal, Emory Hill asserts that the Court of Chancery abused its discretion by declining to shift fees to Chilaka. Emory Hill did not file exceptions to the Magistrate's fee decision, which was a "final report" under the Court of Chancery rules.[18] Its challenge to the Magistrate's decision regarding attorneys' fees therefore is procedurally barred.[19] We discern no abuse of discretion in the Court of Chancery's decision not to shift fees to the *pro se* plaintiff, but we caution Chilaka that further proceedings might result in fee shifting.[20]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

previously decided and presented in the current action are the same; the prior action was finally adjudicated on the merits; and the party against whom the doctrine is invoked was a party to the prior case and had a full and fair opportunity to litigate the issue); *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 520 (Del. 1999) ("[T]he doctrine of collateral estoppel provides repose by preventing the relitigation of an issue of fact previously decided. The test for applying the collateral estoppel doctrine requires that (1) a question of fact essential to the judgment (2) be litigated and (3) determined (4) by a valid and final judgment." (citation omitted)).

[18] *See January 2023 Order*, *supra* note 13, at 10 ("This Final Order shall be deemed a [Magistrate's] Final Report . . . and exceptions may be filed under Rule 144.").

[19] *Sutor-Banks*, 2013 WL 4538570, at *2; DEL. CT. CH. R. 144(c).

[20] *Cf. Franklin v. Glenhill Advisors LLC*, 2023 WL 5839607, at *1 (Del. Sept. 8, 2023) (rejecting the defendants-appellees' motion for an award of attorneys' fees on appeal but warning the plaintiff-appellant that "any attempt at further proceedings might result in fee shifting").